IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

BRIAN SHAW,

                    Petitioner,

          vs.

SUPERINTENDENT, Eastern Correctional
Facility,

                    Respondent.

No. 9:11-cv-00887-JKS

MEMORANDUM DECISION

Brian Shaw, a state prisoner appearing *pro se*, filed a Petition for a Writ of Habeas

Corpus under 28 U.S.C. § 2254. Shaw is currently in the custody of the New York Department

of Corrections and Community Supervision, incarcerated at the Eastern New York Correctional

Facility. Respondent has answered, and Shaw has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

In April 2006 Shaw was convicted following a jury trial in the Onondaga County Court of

Manslaughter in the First Degree (N.Y. Penal Law § 125.20[1]) and Endangering the Welfare of

a Child (N.Y. Penal Law § 260.10[2]). The trial court sentenced Shaw to a determinate prison

term of twenty-one years followed by five years of supervised release on the manslaughter

conviction and a concurrent term of one year on the child endangerment conviction. The

Appellate Division, Third Appellate Department, affirmed the conviction and sentence, and the

New York Court of Appeals denied leave to appeal on February 23, 2010.[1] On July 9, 2010,

Shaw, appearing *pro se*, filed a motion to vacate the conviction under N.Y. Criminal Procedure

---

[1] *People v. Shaw*, 885 N.Y.S.2d 858 (App. Div. 2009), *lv. denied*, 925 N.E.2d 110 (N.Y.
2010).

Law § 440.10 ("CPL § 440.10 motion") in the Onondaga County Court.  The Onondaga County Court denied the motion in a reasoned decision, and the Appellate Division denied leave to appeal on June 10, 2011.  Shaw timely filed his Petition for relief in this Court on July 24, 2011.

The facts underlying Shaw's conviction are unnecessary to the determination of the issues raised on appeal.  Consequently, they are not recited here.

## II.  GROUNDS RAISED/DEFENSES

In his Petition Shaw raises four grounds:  (1) ineffective assistance of counsel for failing to challenge a *Miranda* violation;[2] (2) ineffective assistance of counsel for failing to request that he be given another psychiatric evaluation; (3) a violation of his right to confront and cross-examine witnesses (failure to give a missing witness instruction), and that an unsworn juror was permitted to remain on the jury; and (4) that the imposition of the post-release supervision illegally enhanced his sentence.  Respondent contends that Shaw's second and part of his third grounds are unexhausted and procedurally barred.  Respondent raises no other affirmative defense.

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[2] *Miranda v Arizona*, 384 U.S. 436 (1966).  A short-hand reference to the failure to adequately inform a defendant of his rights to remain silent and the assistance of counsel.

proceeding."[3]  The Supreme Court has explained that "clearly established Federal law" in

§ 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the

time of the relevant state-court decision."[4]  The holding must also be intended to be binding upon

the states; that is, the decision must be based upon constitutional grounds, not on the supervisory

power of the Supreme Court over federal courts.[5]  Thus, where holdings of the Supreme Court

regarding the issue presented on habeas review are lacking, "it cannot be said that the state court

'unreasonabl[y] appli[ed] clearly established Federal law.'"[6]  When a claim falls under the

"unreasonable application" prong, a state court's application of Supreme Court precedent must

be "objectively unreasonable," not just "incorrect or erroneous."[7]  The Supreme Court has made

clear that the objectively unreasonable standard is "a substantially higher threshold" than simply

believing that the state-court determination was incorrect.[8]  "[A]bsent a specific constitutional

violation, federal habeas corpus review of trial error is limited to whether the error 'so infected

the trial with unfairness as to make the resulting conviction a denial of due process.'"[9]  In a

federal habeas proceeding, the standard under which this Court must assess the prejudicial

---

[3] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[4] *Williams*, 529 U.S. at 412 (alteration added).

[5] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[6] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam).

[7] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[8] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

[9] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[10] Shaw "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated."[11]

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.* Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[12]

In applying this standard, this Court reviews the "last reasoned decision" by the state court.[13] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[14] Although pre-AEDPA

---

[10] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[11] *Hawkings v. Castello*, 460 F.3d 238, 264 (2d Cir. 2006) (internal quotation marks and citations omitted).

[12] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

[13] *Cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . . "); *Jones v. Stinson*, 229 F.3d 112, 118 (2d. Cir. 2000).

[14] 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing

(continued...)

precedent established that deference is due to the findings of state appellate courts,[15] the Second

Circuit has left the question open with respect to AEDPA cases.[16]  In the absence of a clear

indication from the Second Circuit to the contrary, this Court can find no principled reason not to

apply the same rule in the context of AEDPA, i.e., findings of a state appellate court are

presumed to be correct.

## IV.  DISCUSSION

### A.      Deficiencies in Petition

The petition must specify all the grounds for relief available to the petitioner *and the facts*

*supporting each ground.*[17]  If it plainly appears on the face of the petition that the petitioner is not

entitled to relief, a district court must dismiss the petition.[18]  The district court may dismiss on

this basis *sua sponte* after an initial screening and an answer has been ordered and filed.[19]  As the

Supreme Court has stated:

> Habeas Corpus Rule 2(c) is more demanding [than notice pleading].  It provides that
> the petition must "specify all the grounds for relief available to the petitioner" and
> "state the facts supporting each ground."  See also Advisory Committee's Note on

---

[14](...continued)
evidence to the contrary . . . ." (citing 28 U.S.C. § 2254(e)(1))).

[15] *Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Ventura v. Meachum*, 957 F.2d 1048, 1055 (2d Cir. 1992).

[16] *See Boyette v. Lefevre*, 246 F.3d 76, 88 n.7 (2d Cir. 2001).

[17] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 2(c) (2012).

[18] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 4 (2012).

[19] *See Day v. McDonough*, 547 U.S. 198, 206-09 (2006) (the Court noted that, although the question remains open in the Supreme Court, the Courts of Appeals have unanimously held that, in appropriate circumstances, the court could raise defenses, e.g., procedural default, statute of limitations, exhaustion, and retroactivity, *sua sponte*); *see also Vang v. Nevada*, 329 F.3d 1069, 1073 (9th Cir. 2003) (a district court may raise procedural default *sua sponte*).

subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)). Accordingly, the model form available to aid prisoners in filing their habeas petitions instructs in boldface:

> "**CAUTION: You must include in this petition <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**" Petition for Relief From a Conviction or Sentence By a Person in State Custody, Habeas Corpus Rules, Forms App., 28 U.S.C., P. 685 (2000 ed., Supp. V) (emphasis in original).

> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).[20]

The Petition in this case, even when considered in conjunction with the Traverse, is in several instances terse and practically devoid of essential factual support for Shaw's conclusory allegations. As noted above, Shaw, as the petitioner, bears the burden of establishing entitlement to habeas relief by the preponderance of the evidence.[21] As is discussed below in connection with the grounds raised, in this case, not only has Shaw in some instances failed to provide evidentiary support, he has not even alleged sufficient facts that, if proved, would entitle him to relief.

---

[20] *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005).

[21] *Hawkins*, 460 F.3d at 246.

In his Traverse Shaw appears to assert additional grounds, e.g., prosecutorial misconduct, erroneous denial of a suppression motion, and a denial of a statutory right to be examined by two psychiatrists.  This Court does not ordinarily consider grounds raised for the first time in the traverse.  "The petition must: (1) specify *all* the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested . . . ."[22]  To the extent that Shaw wishes to raise additional grounds, the proper procedure would be to file a motion to amend the petition under Federal Rule of Civil Procedure 15.  In this case, however, such a motion would be futile because the amendment would not relate back to the initial filing and would, therefore, be barred by the one-year limitation period of 28 U.S.C. § 2244(d)(1).[23]  Consequently, this Court declines to address any ground raised for the first time in the Traverse.

**B.      Failure to Traverse Allegations in the Answer**

In his Traverse Shaw has either failed to counter some of the allegations raised in the answer or, to the extent he has addressed them at all, he has done so only in the most perfunctory manner.  28 U.S.C. § 2248 provides:

> The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.

---

[22] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 2(c) (2012) (emphasis added).

[23] *See Felix*, 545 U.S. at 655-64 (discussing at length the interplay between Habeas Rule 2(c) and Fed. R. Civ. P. 15).

Ordinarily, under § 2248, where there is no denial of the Respondent's allegations in the answer, or the denial is merely formal and unsupported by an evidentiary basis, the court must accept Respondent's allegations.[24]  This Court will, where appropriate, apply that rule.

## C.      Exhaustion

This Court may not consider claims that have not been fairly presented to the state courts.[25]  Unexhausted claims must be dismissed.[26]  Respondent contends that Shaw has not exhausted his state-court remedies as to his second ground (ineffective assistance of counsel claim for failing to request that the court order Shaw to be examined by another psychiatrist) and his third ground to the extent Shaw claims that an unsworn juror was unqualified.  Respondent further contends that these unexhausted claims are also procedurally barred.

To be properly exhausted, the claim must have been presented to the highest state court that may consider the issue presented.[27]  "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief."[28]  A mere appeal to a broad constitutional guarantee, e.g., due process, is insufficient to present the substance of a

---

[24] *See Carlson v. Landon*, 342 U.S. 524, 530 (1952).

[25] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[26] *See Rhines v. Weber*, 544 U.S. 269, 275-78 (2005); *Engle v. Issac*, 456 U.S. 107, 125 n.28 (1982); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[27] *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[28] *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (citing *Picard v. Connor*, 404 U.S. 270 (1971)).

constitutional claim to the state courts.[29]  A petitioner satisfies the fair presentation aspect of the

exhaustion requirement by presenting the essential factual and legal premises of his federal

constitutional claim to the appropriate state courts.[30]  An issue is exhausted when the substance

of the federal claim is clearly raised and decided in the state court proceedings, irrespective of the

label used.[31]  Exhaustion does not require the Petitioner to have cited the "book and verse on the

federal constitution."[32]  A petitioner who does not cite the "book and verse of the Constitution"

may nonetheless "fairly present to the state courts the constitutional nature of his claim" through:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance
> on state cases employing constitutional analysis in like fact situations, (c) assertion
> of the claim in terms so particular as to call to mind a specific right protected by the
> Constitution, and (d) allegation of a pattern of facts that is well within the
> mainstream of constitutional litigation.[33]

Even if a federal claim has not been properly presented to the highest state court or preserved

under state law, it will be deemed exhausted if it has become procedurally barred under state

law.[34]

> In the case of procedural default (including where an unexhausted claim no
> longer can proceed in state court), we may reach the merits of the claim "only if the

---

[29] *See id.* at 163; *Anderson v. Harless*, 459 U.S. 4, 7 (1982).

[30] *Acosta v. Artuz*, 575 F.3d 177, 185 (2d Cir. 2009) (citing *Reese*, 541 U.S. at 30-34); *Rosa v. McCray*, 396 F.3d 210, 217 (2d Cir. 2005).

[31] *Jackson v. Edwards*, 404 F.3d 612, 619 (2d Cir. 2005).

[32] *Picard v. Connor*, 404 U.S. 270, 278 (1971).

[33] *Daye v. Attorney General of State of N.Y.*, 696 F.2d 186, 194 (2d Cir. 1982) (en banc).

[34] *See Richardson v. Superintendent of Mid-Orange Corr. Facility*, 621 F.3d 196, 201-02 (2d Cir. 2010).

defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent."[35]

Ground 2:  Ineffective Assistance of Counsel

Shaw did not raise his claim that trial counsel was ineffective for failing to request to have another doctor examine him until his application for leave to appeal to the Appellate Division from the denial of his CPL § 440.10 motion by the Onondaga County Court.  A claim raised for the first time in an application for discretionary review has not been properly exhausted.[36]  Therefore, Shaw has failed to properly exhaust his available state-court remedies as to his second ground.

Shaw's claim is also procedurally barred under adequate and independent state grounds. Shaw has already had his one and only direct appeal permitted under New York law.[37]  Shaw has also utilized his remedy under CPL § 440.10 and would be barred from raising the issue again in a § 440.10 motion by § 440.10[3](c) (barring review of a claim that could have been presented on on prior motion under § 440.10).[38]  Since Shaw no longer has any remedy available, his second ground is deemed exhausted and procedurally barred from review in a federal habeas proceeding.[39]

---

[35] *St. Helens v. Senkowski*, 374 F.3d 181, 184 (2d Cir. 2004) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

[36] *Id.* at 183 (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

[37] *See Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001).

[38] *See Murden v. Artuz*, 497 F.3d 178, 191-92 (2d Cir. 2007).

[39] *Richardson v. Superintendent of Mid-Orange Corr. Facility*, 621 F.3d 196, 201-02 (2d Cir. 2010); *see Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

<u>Ground 3:  Unsworn (Unqualified) Juror</u>

As part of his third ground, Shaw contends that the trial court impermissibly permitted an unsworn juror to remain on the jury in violation of his constitutional rights.  On direct appeal, Shaw argued that the trial court erred in failing to discharge a juror as "grossly unqualified to serve in the case" under N.Y. Criminal Procedure Law § 270.35[1].[40]  Respondent contends that Shaw raised this issue solely upon state law and not constitutional grounds.  This Court, having reviewed Shaw's briefing on direct appeal, disagrees.  Although state law clearly provided the procedural vehicle for challenging the juror, Shaw also directly and unequivocally raised the question of his right to an impartial jury under the Sixth Amendment.  Therefore, this Court rejects Respondent's argument that this claim is unexhausted.

**D.    Merits**

<u>Ground 1:  Ineffective Assistance of Counsel</u>

In his first ground Shaw contends that he received ineffective assistance of counsel because counsel failed to challenge a violation of his *Miranda* rights or to place on record all instances of prosecutorial misconduct.  In his factual statement, Shaw asserts that the police were allowed to hold him for hours without the benefit of an attorney, that he was denied food and the right to a phone call, and that he was threatened with physical harm if he did not say something.  He further alleges that, although the prosecution had a video of the interrogation, the video was

---

[40] Although Shaw in his Petition refers to the juror as being "unsworn," in his direct appeal it was indicated that the juror was sworn and the issue was that the juror was "unqualified."  This Court will assume that in his Petition to this Court Shaw simply mis-spoke, intending to say "unqualified," not "unsworn."

not turned over to the defense in violation of *Brady*[41] and *Rosario*.[42] Shaw raised his ineffective assistance of counsel claim in his CPL § 440.10 motion.

Shaw's first contention, that counsel did not challenge the voluntariness of his confession, is belied by the record. As the Onondaga County Court noted in its Order denying Shaw's CPL § 440.10 motion, the record clearly shows that Shaw's trial counsel challenged the statements Shaw made during the police interrogation, a suppression hearing was held, and the trial court ruled in favor of the prosecution.

> The Court's record reflects that on August 3, 2005 defense counsel filed omnibus motions seeking;
> an order suppressing statements upon the ground that statements were involuntarily made within the meaning of *CPL §710.20* and *60.45*; and
> an order precluding statements due to the failure of police to electronically record [Shaw's] "complete interrogation", which was accompanied by an 11 page supporting memorandum of law.[43]

The Onondaga County Court also noted that the voluntariness of Shaw's confession was also raised on direct appeal,[44] and the Appellate Division rejected Shaw's arguments holding:

> Contrary to the contention of [Shaw], his confession was not rendered involuntary by undue "psychological pressure," and County Court thus properly refused to suppress the confession. In support of his contention, [Shaw] relies primarily on his own testimony at the *Huntley* hearing. The court's determination to discredit that testimony is entitled to deference (citations omitted), and we see no basis to disturb it (citations omitted). We reject [Shaw's] further contention that certain inconsistencies in the testimony of the police witnesses at the suppression hearing demonstrate that such testimony was "tailored to meet constitutional

---

[41] *Brady v. Maryland*, 373 U.S. 83 (1962). A shorthand reference to the constitutional requirement that the prosecution handover potentially exculpatory or impeachment material.

[42] *People v. Rosario*, 173 N.E.2d 881 (N.Y. 1961). A shorthand reference to the rules of mandatory discovery in criminal cases under federal and New York law.

[43] Docket No. 10-13 at 4 (italicized material in the original).

[44] Docket No. 10-13 at 4.

objections" and thus that the court erred in crediting that testimony. In any event, we conclude that those minor inconsistencies do not undermine the court's credibility determination in favor of those witnesses (citation omitted). We also reject the contention of [Shaw] that he was advised of his *Miranda* rights in a manner that did not enable him to understand those rights. Upon our review of the transcript of the suppression hearing, we conclude that "[t]he People met 'their initial burden of establishing the legality of the police conduct and defendant's waiver of rights,' and defendant failed to establish that he did not waive those rights, or that the waiver was not knowing, voluntary and intelligent" (citations omitted).[45]

Shaw's claim that counsel was ineffective in failing to challenge his confession is contradicted by the record.

Shaw does not specify in his Petition the instances of prosecutorial misconduct that he alleges counsel did not challenge. The petition must specify all the grounds for relief available to the petitioner and the facts supporting each ground.[46] If it plainly appears on the face of the petition that petitioner is not entitled to relief, a district court must dismiss the petition.[47] The district court may dismiss on this basis *sua sponte* after an initial screening and an answer has been ordered and filed.[48] As the Supreme Court has stated:

Habeas Corpus Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the

---

[45] *Shaw*, 885 N.Y.S.2d at 859.

[46] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 2(c) (2012).

[47] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 4 (2012).

[48] *See Day v. McDonough*, 547 U.S. 198, 206-09 (2006) (the Court noted that, although the question remains open in the Supreme Court, the Courts of Appeals have unanimously held that, in appropriate circumstances, the court could raise defenses, e.g., procedural default, statute of limitations, exhaustion, and retroactivity, *sua sponte*); *see also Rosario v. United States*, 164 F.3d 729, 732-33 (2d Cir. 1998) (addressing procedural default *sua sponte* on appeal in the context of 28 U.S.C. § 2255).

relationship of the facts to the claim asserted that is important ... ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)). Accordingly, the model form available to aid prisoners in filing their habeas petitions instructs in boldface:

> "**CAUTION: You must include in this petition <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**" Petition for Relief From a Conviction or Sentence By a Person in State Custody, Habeas Corpus Rules, Forms App., 28 U.S.C., P. 685 (2000 ed., Supp. V) (emphasis in original).

A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).[49]

It plainly appears from the Petition that Shaw does not identify the instances of prosecutorial misconduct he contends counsel failed to challenge. Consequently, Shaw is not entitled to relief on that basis.

Shaw raised his *Brady-Rosario* claim in his CPL § 440.10 motion, which was denied under CPL § 440.30[4][d].[50] The overriding problem with Shaw's argument, both as made in his

---

[49] *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005).

[50] Docket No. 10-13 at 4. CPL § 440.30[4][d] provides:

4. Upon considering the merits of the motion, the court may deny it without conducting a hearing if:
    (d) An allegation of fact essential to support the motion (i) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other

(continued...)

CPL § 440.10 motion and before this Court, is that it presupposes the existence of an audio/video recording of his interrogation. There is absolutely no evidence in the record that the interrogation was recorded, either by audio or video means. Indeed, what evidence there is negates such a finding—four detectives that interrogated Shaw testified at the suppression hearing that his interrogation was not recorded, either aurally or visually.[51] The suppression motion itself was based in part on the premise that the failure to record the interrogation violated due process. The Onondaga County Court denied Shaw relief:

> [Shaw's] applications to suppress oral statements obtained by police in violation of [Shaw's] due process rights under the constitution due to police failure to electronically record the complete inter-rogation, OR preclude testimony relative to the administration of *Miranda* warnings because police failed to electronically record the statements are also DENIED. There is no Federal or State due process requirement that interrogations and confessions be electronically recorded. *People v Martin,* 294 A.D.2d 850, *lv den'd,* 98 NY2d 711; *People v Falkenstein,* 288 A.D.2d 922, lv den'd, 97 NY2d 704.[52]

There is no evidence supporting Shaw's contention that such a recording exists. Shaw bears the burden of proving entitlement to habeas relief by a preponderance of the evidence, not supposition or conjecture.[53] No matter how liberally this Court construes Shaw's contentions, whether as an ineffective assistance of counsel claim or independently treating each of the

---

[50](...continued)
circumstances attending the case, there is no reasonable possibility that such allegation is true.

[51] Docket No. 11 at 68-69, 147-48, 173, 198.

[52] Docket No. 10-1 at 22.

[53] *Hawkins,* 460 F.3d at 246 (citing *Wood v. Bartholomew,* 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support")).

underlying allegations separately on the merits, Shaw is not entitled to relief under his first ground.

## Ground 3: Confrontation/Unqualified Juror

Shaw contends that the trial court erred in failing to give a missing witness charge,[54] which deprived him of his constitutional right of confrontation and cross-examination. Shaw raised this issue in his CPL § 440.10 motion, referring to transcript pages 1468-1470.[55] Shaw does not, however, anywhere in either his CPL § 440.10 motion or his Petition before this Court, identify the missing witness or the testimony that the missing witness might give. Respondent in his answer argues that, in responding to Shaw's CPL § 440.10 motion, the People noted that the trial transcript ended at page 1284, and review of the transcript did not show that Shaw requested a missing witness charge.[56] This Court's review of the transcript confirms this; nor does Shaw refute Respondent's argument. Not only has Shaw failed to show that a missing witness charge was requested and refused but, even if it was, he has utterly failed to allege facts sufficient to establish a *prima facie* showing the charge was required, i.e., that the witness was knowledgeable

---

[54] A charge given to the jury when a party can produce a witness whose testimony would bear on a particular issue, the fact that the party does not do so creates a presumption that the testimony of the witness, if produced, would be unfavorable to the party failing to produce the witness. *People v. Gonzalez*, 502 N.E.2d 583, 586 (N.Y. 1986) (citing *Graves v. United States*, 150 U.S. 118, 121 (1893)).

[55] Docket No. 10-10 at 6.

[56] Docket No. 10-11 at 9-10. Respondent also argues that the Onondaga County Court denied this claim on the basis that the allegations of fact were contradicted by the record and there was no reasonable possibility that his allegations were true. This Court's perusal of the Onondaga County Court decision does not reveal that the Onondaga County Court addressed this particular issue at all, either directly or by necessary inference. However, in the absence of any indication that it did not do so, this Court presumes the Onondaga County Court decided the issue on the merits. *Richter*, 131 S. Ct. at 784-85.

about material issue in case, that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him, and that the witness is available to the party.[57]  Accordingly, Shaw has failed to adequately support this contention.

Shaw further contends that the trial court impermissibly permitted an unqualified juror to remain on the jury in violation of his constitutional rights.  The Appellate Division rejected Shaw's arguments:

> Contrary to the further contention of [Shaw], the court properly denied his request to dismiss a sworn juror as "grossly unqualified to serve in the case"  (CPL 270.35[1] ).  Although the juror initially expressed some concern over the defense of extreme emotional disturbance, he ultimately assured the court in unequivocal terms that he would be fair and impartial and would follow the court's instructions (citations omitted).[58]

Unquestionably, the right to a trial before an unbiased jury is the foundation for, and touchstone of, a fair trial.[59]  As the Second Circuit has observed, "[t]he Supreme Court 'has long held that the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias.'"[60]  The Onondaga County Court clearly followed this procedure.  Analysis starts with the settled rule that this Court in a federal habeas proceeding presumes that the state court finding on juror bias is correct.[61]  The Supreme Court has also held that the identification of juror bias is a factual finding concerning the juror's state of mind that is

---

[57] *Gonzalez*, 502 N.E.2d at 586.

[58] *Shaw*, 885 N.Y.S.2d at 859.

[59] *Smith v. Phillips*, 455 U.S. 209, 217 (1982).

[60] *United States v. Vitale*, 459 F.3d 190, 197 (2d Cir. 2006) (quoting *Smith*, 455 U.S. at 215).

[61] *Wainwright v. Witt*, 469 U.S. 412, 426-30 (1985).

decidedly within the province of the trial judge.[62]  Although it did not articulate it in precisely

those terms, the Appellate Division applied the proper test.  Because the decision of the

Appellate Division "was [not] contrary to, [n]or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States" at the time the

Appellate Division rendered its decision nor "was [the decision] based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding,"[63]

Shaw is not entitled to relief under his third ground.

<u>Ground 4:  Post-Release Supervision</u>

Shaw contends that the imposition of the term of supervised release in this case was

unconstitutional.  Shaw argues that at the time he was sentenced the statute included post-release

supervision in the overall sentence, but after its amendment in 2009 post-release supervision

became consecutive to the prison term.  Shaw raised this issue in his CPL § 440.10 motion.  The

Onondaga County Court rejected Shaw's argument.

> As to [Shaw's] claim that the term of post-release supervision is "illegal and
> unconstitutional" and the Court "must consider the alternative of reducing [Shaw's]
> sentence to include the portion of P.R.S . . . ." as required by *28 U.S.C §2254,* this
> Court concludes [Shaw] has failed to come forward with allegations sufficient to
> create an issue of fact as to non-record facts, to which this application for post-
> conviction relief must be limited, (*People v Harris,* 131 A.D.2d 142), and that
> allegations of fact essential to the motion are contradicted by the court's record and
> that under these and all other attendant circumstances, there is no reasonable
> possibility that [Shaw's] allegations are true.  *CPL § 440.30{4}{d)*
> Post-release supervision is a direct consequence of a criminal conviction and
> a sentencing court must pronounce the applicable period of "post-release
> supervision" at the time of sentencing.  *People ex ref. Burch v Goard,* 48 A.D.3d
> 1306; *People v Sparber,* 10 N.Y.3d 457[.]  The record reflects that at the time of

---

[62] *Id.* at 428.

[63] 28 U.S.C. § 2254(d).

sentencing the Court imposed a five year period of post-release supervision in accordance with *PL §70.45.* Accordingly, [Shaw's] motion for relief upon this ground must also be denied.[64]

In his Response, Respondent contends that, contrary to Shaw's allegation, New York Penal Law § 70.45 was not amended in 2009, suggesting that Shaw was likely referring to the enactment of § 70.85 in 2008. Respondent is mistaken. Although Shaw was incorrect in the date used—2009, N.Y. Penal Law § 70.45 was amended in the same 2008 legislation as enacted § 70.85.[65] Thus, Shaw is correct in his underlying premise that the statute was amended after he was sentenced. That does not, however, necessarily reach the result Shaw seeks.

Shaw's position before this court is bereft of any legal argument in support of his contention that, as applied to him, the imposition of the term of supervised release under the pre-2008 version of § 70.45 somehow constituted a Federal Constitutional violation. At most, Shaw's position could be termed as one of statutory interpretation, i.e., that prior to 2008 an additional term of supervised release could not be imposed under New York law. This, however, is purely and simply a question of state law, beyond the purview of this Court in a federal habeas proceeding.[66] A petitioner may not transform a state-law issue into a federal one by simply

---

[64] Docket 10-13 at 5.

[65] 2008 N.Y. Sess. Laws, ch. 141, § 3, eff. June 30, 2008. Prior to amendment, the first sentence read: "Each determinate sentence also includes, as a part thereof, an additional period of post-release supervision." Effective June 30, 2008, the first sentence reads: "When a court imposes a determinate sentence it shall in each case state not only the term of imprisonment, but also an additional period of post-release supervision as determined pursuant to this article."

[66] *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*,

(continued...)

asserting a violation of due process.[67]  "[The Supreme Court has] long recognized that a mere error of state law is not a denial of due process."[68]  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."[69]  Because he fails to raise a question of constitutional dimension, Shaw is not entitled to relief under his fourth ground.

---

[66](...continued)
536 U.S. 584 (2002); *see also Isaac*, 456 U.S. at 119 (challenging the correctness of the application of state law does not allege a deprivation of federal rights sufficient for habeas relief); *Bell v. Cone,* 543 U.S. 447, 455 (2005) (a federal court may not lightly presume that a state court failed to apply its own law).

[67] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[68] *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (internal quotation marks and citations omitted).

[69] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)) (internal quotation marks omitted); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

## V.  CONCLUSION AND ORDER

Shaw is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[70]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[71]

The Clerk of the Court is to enter judgment accordingly.

Dated: October 11, 2012.

_/s/ James K. Singleton, Jr._
JAMES K. SINGLETON, JR.
United States District Judge

---

[70] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).

[71] *See* Fed. R. App. P. 22(b); Second Circuit R. 22.1.